IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

THOMAS M. ELLSWORTH,

        Plaintiff,

v.                                    Docket No. _____

ASCENSION HEALTH LIFE
INSURANCE PLAN,
ASCENSION HEALTH,
& ST. THOMAS WEST HOSPITAL

        Defendants.

## COMPLAINT

COMES NOW the Plaintiff, THOMAS M. ELLSWORTH, by and through counsel, and for his claims against the Defendants, ASCENSION HEALTH LIFE INSURANCE PLAN (the "Ascension Health Plan"), ASCENSION HEALTH, & ST. THOMAS WEST HOSPITAL ("St. Thomas"). He shows:

### I.    PARTIES, VENUE AND JURISDICTION

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Employee Income Retirement Security Act (ERISA) including, but not limited to the following sections: Section 502(a)(3) at 29 U.S.C. § 1132(a)(3).

2. Venue is proper in this court under ERISA, Section 502(e)(2) at 29 U.S.C. § 1132(e)(2). The cause of action arose within the jurisdictional limits of this court and the denials at issue were sent to Plaintiff at his address in Davidson

1

County, Tennessee, which is within the jurisdictional limits of this Court.

3. Plaintiff exhausted administrative remedies by appealing the denial of his life insurance benefits through two levels of internal appeals with Prudential Insurance Company of America, receiving a final denial dated March 9, 2015.

4. Plaintiff, Thomas M. Ellsworth ("Tom Ellsworth") was, and now is, a resident of Nashville, Davidson County, Tennessee, and is a named beneficiary under the Policies of insurance in issue.

5. Plaintiff's wife, the deceased Carol M. Ellsworth ("Carol Ellsworth"), was an employee of St. Thomas West Hospital, a hospital associated with Ascension Health.

6. The Ascension Health Life Insurance Plan (the "Ascension Health Plan" is an employee welfare benefit plan established and maintained pursuant to ERISA, 29 U.S.C. § 1001, *et seq.*, and is an entity that may sue and be sued pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

7. The designated agent for service of legal process regarding the Ascension Health Plan is Ascension Health, 4600 Edmundson Road, St. Louis, Missouri 63134.

8. Defendant Ascension Health is a Catholic healthcare system and foreign corporation with a principal place of business located at 4600 Edmundson Road, St. Louis, Missouri 63134, and may be served with legal process through its registered agent for service in Tennessee, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

9. Defendant St. Thomas West Hospital ("St. Thomas") is a Tennessee Nonprofit corporation operating as a Catholic hospital and associated company in the Ascension Health network of facilities. St. Thomas may be served with legal process through its registered agent, E Berry Holt III, 102 Woodmont Boulevard, Suite 800, Nashville, Tennessee 37205.

## II. FACTUAL BASIS FOR SUIT

10. The Ascension Health Plan benefits are provided by The Prudential Insurance Company of America, but the Plan assigns responsibility for all plan administration to Ascension Health.

11. Ascension Health is responsible for appointing specialists and other persons to carry out administrative functions on behalf of Ascension Health.

12. Ascension Health is responsible for providing Ascension Health Plan participants with accurate information and notification regarding benefits and procedures for electing benefits under the Ascension Health Plan.

13. Ascension Health is responsible for assuring that the administration of the Plan is conducted consistently with the terms of the Ascension Health Plan.

14. The Ascension Health Plan permits its "Associated Companies" to adopt the Ascension Health Plan on behalf of the Associated Company's employees.

15. St. Thomas is an "Associated Company" which adopted the Ascension Health Plan on behalf of its employees.

16. St. Thomas therefore assumed responsibility for various administrative functions related to its employees with respect to the Ascension

Health Plan when it adopted the Ascension Health Plan.

17. St. Thomas became a fiduciary as this term is defined by ERISA when it adopted the Ascension Health Plan.

18. The Ascension Health Plan expressly states that "the people who operate your plan, called 'fiduciaries' of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries."

19. The Ascension Health Plan lists the Plan Administrator (Ascension Health) and the employee's Human Resources Department as those to be contacted regarding assistance with the plan and filing a claim.

20. St. Thomas became an agent for Ascension Health in regard to Ascension Health's status of Plan Sponsor and Plan Administrator when it adopted the Ascension Health Plan.

21. The Ascension Health Plan provides Basic Life Coverage for eligible employees at no cost and also allows eligible employees the option to purchase Supplemental Life Coverage in multiples of their basic annual earnings.

22. Under the Ascension Health Plan, if an employee ceases to be insured under the Group Contract because employment has ended, the employee may elect conversion coverage to an individually insured policy if the application for conversion is made and the first premium is paid by the later of:

> (1) the thirty-first day after you cease to be insured for the Employee Term Life Insurance; and

> (2) the fifteenth day after you have been given written notice of the conversion privilege. But, in no event may you convert the insurance to an individual contract if you do not apply for the contract and pay

the first premium prior to the ninety-second day after you cease to be insured for the Employee Term Life Insurance.

23. Carol Ellsworth was an eligible employee under the Ascension Health Plan.

24. Carol Ellsworth was employed by St. Thomas for 28 years.

25. While employed with St. Thomas, Carol Ellsworth was issued Employee Term Life Insurance Benefits in the form of Basic Life Coverage in the amount of $67,000 and Supplemental Life Coverage in the amount of $334,000 under Group Policy Number G-50583 by The Prudential Insurance Company of America, which insures the benefits of the Ascension Health Plan.

26. Carol Ellsworth paid the premiums for this additional life insurance benefit throughout her employment.

27. Unfortunately, in 2013, Carol Ellsworth became terminally ill with cancer necessitating time off of work for medical treatments.

28. Carol Ellsworth went on Short Term Disability through St. Thomas, before ultimately, transitioning to Long Term Disability.

29. After six months of Short Term Disability, on or about December 13, 2013, pursuant to a policy, St. Thomas automatically terminated Carol Ellsworth's employment.

30. Carol Ellsworth was terminally ill, a fact known by St. Thomas.

31. Despite knowing that Ms. Ellsworth was terminally ill, had been terminated from employment with St. Thomas, and was in need of her notice of rights related to her continuation of her life insurance benefits, no one from St.

5

Thomas' Human Resources Department nor from Ascension Health, provided Carol Ellsworth with any information relating to continuation of her life insurance benefits.

32. As a result, despite express language in the Ascension Health Plan for "written notice of the conversion privilege," no one from Ascension Health or St. Thomas informed Carol Ellsworth at her termination that she could convert her group life insurance policy to an individual policy in order for her life insurance benefits to remain in place after her termination.

33. Without receiving any information from St. Thomas or Ascension Health otherwise, the Ellsworths relied to their detriment that Carol Ellsworth's life insurance policy was still active and would be paid to Tom Ellsworth upon Carol Ellsworth's death.

34. Had the Ellsworths been notified that Carol Ellsworth must convert her life insurance policy to an individual policy in order to maintain her life insurance benefits, they most certainly would have done so.

35. Carol Ellsworth passed away on June 2, 2014.

36. Shortly thereafter, Tom Ellsworth began seeking the life insurance benefits which he believed were available.

37. On June 9, 2014, one week after Carol Ellsworth's death, Garrett Hutson, a Senior Benefits Analyst with Ascension Health wrote to Tom Ellsworth:

> Our records indicate prior to the termination of her employment on 12/10/2013 Carol was insured for Basic Life insurance provided by the hospital and additional 5X Supplemental Life Insurance. **This benefit could be ported or converted to an individual policy after termination**

6

Thomas' Human Resources Department nor from Ascension Health, provided Carol Ellsworth with any information relating to continuation of her life insurance benefits.

32. As a result, despite express language in the Ascension Health Plan for "written notice of the conversion privilege," no one from Ascension Health or St. Thomas informed Carol Ellsworth at her termination that she could convert her group life insurance policy to an individual policy in order for her life insurance benefits to remain in place after her termination.

33. Without receiving any information from St. Thomas or Ascension Health otherwise, the Ellsworths relied to their detriment that Carol Ellsworth's life insurance policy was still active and would be paid to Tom Ellsworth upon Carol Ellsworth's death.

34. Had the Ellsworths been notified that Carol Ellsworth must convert her life insurance policy to an individual policy in order to maintain her life insurance benefits, they most certainly would have done so.

35. Carol Ellsworth passed away on June 2, 2014.

36. Shortly thereafter, Tom Ellsworth began seeking the life insurance benefits which he believed were available.

37. On June 9, 2014, one week after Carol Ellsworth's death, Garrett Hutson, a Senior Benefits Analyst with Ascension Health wrote to Tom Ellsworth:

> Our records indicate prior to the termination of her employment on 12/10/2013 Carol was insured for Basic Life insurance provided by the hospital and additional 5X Supplemental Life Insurance. **This benefit could be ported or converted to an individual policy after termination**

**of employment. Please contact Prudential at 1-800-778-3827 for additional information.** Please note that all decisions regarding the eligibility and amount of life insurance benefits are made by Prudential. This letter does not constitute a guarantee of benefit payments.

38. This June 9, 2014 correspondence from Ascension Health, six (6) months after Carol Ellsworth's termination, represented the first time either Carol or Tom Ellsworth had been notified that Carol Ellsworth's life insurance policy "could be" converted to an individual policy.

39. Even then, the June 9, 2014 letter advising Tom Ellsworth that Carol's policy "could be ported or converted" and to "contact Prudential" was not sufficient written notification under the Ascension Health Plan policy of Carol Ellsworth's conversion rights.

40. Tom Ellsworth addressed the matter of conversion with St. Thomas' Human Resources Department, with a Jan Brown. Ms. Brown advised that conversion notification should have come from Human Resources at the time of termination notwithstanding that Carol Ellsworth was on long term disability at the time.

41. Given this failure by St. Thomas, Jan Brown assured Tom Ellsworth that St. Thomas would own up to its failure to provide the conversion forms and advise the insurer (Prudential) of same.

42. On August 7, 2014, the next highest ranking supervisor in Human Resources, Leslie Smith, similarly acknowledged St. Thomas' error.

43. To its credit, Defendants, through Leslie Smith, wrote on the form next

7

to the box checked "conversion privilege offered" that "*insured was eligible for conversion, **but applicable forms were not provided. LMS [initials] 8/7/14***".

44. After submission of the claim form, Prudential denied Tom Ellsworth's claim for his wife's life insurance benefits on September 18, 2014 stating that Carol Ellsworth did not timely convert her policy to an individual policy before her death.

45. Despite two more appeals, Prudential maintained its denial stating on December 1, 2014 and again on March 9, 2015, that:

> As stated above, *even though the employee was not informed of the right to convert her policy according to the group life contract*, in order for coverage to be continued after Mrs. Ellsworth [sic] employment terminated she would have had to convert her group life coverage into an individual life contract and pay the premiums within 31 days of her termination date or 15 days from any written notice she may have received. However in no event can she convert her coverage more than the 92nd day after she ceased to be insured.

46. Defendants St. Thomas and Ascension Health are fiduciaries of the Ascension Health Plan, and owe fiduciary duties to all Ascension Health Plan participants and beneficiaries, including the deceased Carol Ellsworth and the Plaintiff Tom Ellsworth.

47. Part of the fiduciary duties owed to Ascension Health Plan participants and beneficiaries is a duty to "convey complete and correct material information to a beneficiary," including a "duty to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to know. . . " *See e.g.*, *Krohn v. Huron Mem. Hosp.*, 173 F.3d 542, 548 (6th Cir. 1999); *Palen v. Kmart Corp.*, 2000 U.S. App. LEXIS 107780 (May 9, 2000).

48. Defendants St. Thomas and Ascension Health knew that Carol Ellsworth was terminally ill and had been placed on long term disability automatically severing her employment with St. Thomas, and thus, ceasing her coverage under the Ascension Health Plan for life insurance benefits.

49. Defendants St. Thomas and Ascension Health knew that upon termination of employment from St. Thomas that Carol Ellsworth could convert her life insurance benefits to an individual policy and had a duty under the terms of the Ascension Health Plan to provide notice to Carol Ellsworth of her conversion rights.

50. Defendants St. Thomas and Ascension Health breached their fiduciary duties to the Ellsworths by failing to inform them of Carol Ellsworth's conversion rights for her life insurance benefits.

51. Defendants St. Thomas and Ascension Health's breach of fiduciary duties in failing to inform Carol Ellsworth of her life insurance policy conversion rights have caused actual financial harm to Carol Ellsworth's beneficiary, Plaintiff Tom Ellsworth, in the form of non-payment of the $401,000 in life insurance policy benefits upon his wife's death which the Ellsworths relied upon in their estate planning.

52. Accordingly, Plaintiff brings this suit for breach of fiduciary duties against all Defendants pursuant to ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3) and seeks to recover:

A. Appropriate equitable relief in the form of a monetary surcharge to recover the full value of Carol Ellsworth's life insurance policies under the Ascension

Health Plan ($401,000) that Plaintiff would have received had Carol Ellsworth or her beneficiary been apprised of her ability to convert the policies;

B. Any additional make-whole amount to account for any taxes owing that otherwise would not be;

C. Prejudgment and postjudgment interest;

D. Reasonable attorneys fees and costs pursuant to ERISA Section 502(g), 29 U.S.C. § 1132(g); and

E. Such other relief as this Court deems is just and proper.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Telephone: (731) 664-1340
Fax: (731) 664-1540
jgilbert@gilbertfirm.com

Jessica F. Salonus (TN Bar No. 028158)
101 N. Highland Avenue
Jackson, TN 38301
Telephone: (731) 664-1340
Fax: (731) 664-1540
jsalonus@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*