# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| THOMAS M. ELLSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-00544 |
| | ) | |
| ASCENSION HEALTH LIFE INSURANCE | ) | JUDGE CAMPBELL |
| PLAN, ASCENSION HEALTH, AND | ) | MAGISTRATE JUDGE |
| | ) | KNOWLES |
| ST. THOMAS WEST HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

## INITIAL CASE MANAGEMENT ORDER

A Case Management Conference is scheduled to be held in the above-entitled action on **Tuesday, August 11, 2015**, at **10:00 a.m.** Pursuant to Local Rule 16.01(d)(1)(b), the parties submit this Proposed Order for entry by the Court.

### I.     PLAINTIFF'S POSITION ON CASE MANAGEMENT ORDER

Plaintiff has filed an ERISA breach of fiduciary duty case under §502(a)(3). This case does not involve a §502(a)(1)(B) claim against an ERISA Plan itself, i.e. a case where a plaintiff is seeking review of the plan's decision upon the plan's administrative record.

Instead, Plaintiff's case is against the Plan Administrator and the Plaintiff's wife's former employer under §502(a)(3) for breaching fiduciary duties. That breach, Plaintiff contends, denied Plaintiff access to $401,000.00 for his wife's life insurance benefits when she passed away last year. Plaintiff contends his position that he is entitled to discovery and not mere review of an administrative record is consistent with ERISA law concerning availability and

scope of discovery in cases of this sort, including similar circumstances in this District. Plaintiff understands that briefing, if any, will be done by separate motion and memorandum.

II. **DEFENDANTS' POSITION ON CASE MANAGEMENT ORDER**

Defendants believes that this Court's review should be constrained to the administrative record, which contains all discoverable information relevant to Plaintiff's claim and further believes that the framework set forth in *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1990) should be applied if this case is not transferred pursuant to the forum selection clause to the United States District Court for the Eastern District of Missouri. The fact that Plaintiff did not follow the terms of the Plan and timely elect continuation of coverage, does not mean that Plaintiff can skip over ERISA Section 502(a)(1)(B) and plead a claim under ERISA Section 502(a)(3) to obtain discovery and the benefits sought in this case.

Defendants understand that Plaintiff intends to file a Motion seeking discovery in this case, to which Defendants will then fully respond. By agreeing to the discovery deadlines set forth in the Initial Case Management Order, Defendants do not admit that discovery is appropriate in this case. Rather, Defendants agree that, if the Court orders discovery, they consent to the deadlines set forth in the Initial Case Management Order.

1. **Jurisdiction**: The parties agree that this is an action arising under the Employment Retirement Income Security Act of 1974 and therefore agree that there is federal question jurisdiction over this case. However, Defendants deny that venue is proper in this Court because the Ascension Life Insurance Plan (the "Plan") includes a forum selection clause designating the United States District Court for the Eastern District of Missouri as the proper forum for any action relating to or arising under the Plan.

2. **Plaintiff's theory of the case**: Plaintiff asserts that Defendants breached a

fiduciary duty with respect to the Plan pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132. Plaintiff alleges that Defendants failed to provide notice of the conversion privilege upon Carol Ellsworth's ("Decedent") termination of employment from St. Thomas Health. Plaintiff asserts that Defendants had an affirmative fiduciary duty to inform Decedent and her husband, Thomas Ellsworth ("Plaintiff") of their ability to "port" or "convert" Decedent's life insurance coverage under the Plan and breached this duty by failing to provide such notice. Plaintiff asserts that this caused damages of $401,000 plus interest, attorneys' fees, costs, and a "make-whole amount" to compensate for the any tax consequences of the payment of such damages.

3.  **Defendants' theory of the case**: Defendants assert that Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Complaint was not filed in the appropriate forum pursuant to the Plan's forum selection clause and because Plaintiff's claim should have been plead under Section 502(a)(1)(B) rather than Section 502(a)(3).

Defendants further deny that any breach of fiduciary duty has occurred and maintain that the Plan documents, to which Plaintiff had access, clearly provided notice of the conversion rights. Defendants further maintain that in general, ERISA does not impose an obligation on plan sponsors or plan administrators to disclose any information to plan participants, apart from the requirement to provide a summary plan description containing specified information. *See* ERISA §§ 101, 102. The Sixth Circuit has found that "**ERISA does not require individualized notification of an employee's conversion rights**." *Walker v. Fed. Express Corp.*, 492 Fed. App'x 559, 566 (6th Cir. 2012) (emphasis added).

4.  **Identification of the issues**: The venue and the allegations regarding issues of liability and damages are still in dispute.

5.  **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23**

**of the Federal Rules of Civil Procedure**: The parties do not anticipate any need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.

6. **Witnesses, if know, subject to supplementation by each party**: Defendant believes that discovery is inappropriate in this case. If the Court orders that discovery is proper, then the parties will identify witnesses in their Rule 26(a) disclosures.

7. **Initial Disclosures and Staging of Discovery**:

Defendant believes that discovery is inappropriate in this case. However, Defendants will produce the documents that comprise the administrative record in this case within thirty (30) days from the date of the initial case management conference, on or before, **Thursday, September 10, 2015**.

Plaintiff believes that discovery is proper and suggests that both parties provide Rule 26 Disclosures on or before Thursday, September 10, 2015.

If the Court rules that discovery is proper in this case, then the following deadlines shall apply:

    a. The parties shall complete all discovery on or before **Monday, March 28, 2016**. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences.

    b. Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **Thursday, December 3, 2015**. Defendant shall identify and disclose all expert witnesses and reports on or before **Monday, January 4, 2016**. Any rebuttal/supplemental expert

reports will be submitted on or before **February 3, 2016**. The parties shall depose all fact and expert witnesses on or before **Monday, March 28, 2016**.

8. **Cross Motions / Dispositive motions**: Defendants believe that this case should be decided on Cross Motions for judgment under the prevailing Sixth Circuit framework set forth in *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1990). Plaintiff believes that the *Wilkins v. Baptist Health* framework is not applicable and that motions for summary judgment are more suitable for this case. Regardless, the Parties shall file either cross motions for judgment on dispositive motions on or before **Friday, May 5, 2016**. Responses shall be filed within 28 days after the service. Briefs shall not exceed 25 pages without leave of Court. Optional replies, limited to five pages, shall be filed within 14 days after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

9. **Other deadlines**: The parties shall file all Motions to Amend the pleadings on or before **Tuesday, November 10, 2015, unless that date is extended for good cause shown**. The deadline to file discovery-related motions is **Wednesday, April 6, 2016**, unless that date is extended for good cause shown.

10. **Electronic Discovery**: Defendants do not believe that discovery is appropriate in this case. If the Court orders discovery, then the parties anticipate reaching agreement on how to conduct electronic discovery. In the absence of such agreement, the default standard contained in Administrative Order No. 174 will apply to this case.

11. **Consent to trial before the Magistrate Judge**: The parties do not, at this time, consent to trial before Magistrate Judge Knowles. The parties reserve the right to consent to a bench trial before Magistrate Knowles at a later date as his trial schedule allows.

12. **Target trial date**: The target trial date is November 15, 2016 and this case is

estimated to last two (2) to three (3) days.

It is so **ORDERED**:

**ENTERED** this the _____ day of August, 2015.

_____
**E. CLIFTON KNOWLES**
**United States Magistrate Judge**

APPROVED FOR ENTRY:

GILBERT RUSSELL MCWHERTER
SCOTT & BOBBITT PLC


/s/ Justin S. Gilbert
Justin S. Gilbert
341 Cool Springs Blvd., Suite 230
Franklin, TN  37067
(423) 499-3044
(731) 664-1540 *Facsimile*
jgilbert@gilbertfirm.com

Jessica F. Salonus
101 N. Highland Avenue
Jackson, TN  38301
(731) 664-1340
(731) 664-1540 *Facsimile*
jsalonus@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*


*and*